IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STIEFEL LABORATORIES, INC. and STIEFEL RESEARCH AUSTRALIA PTY. LTD., <br><br> Plaintiffs, <br><br> v. <br><br> COBREK PHARMACEUTICALS, INC. and PERRIGO COMPANY, <br><br> Defendants. | C.A. No. 09-00167 SLR <br><br><br> **JURY DEMANDED** |

## DEFENDANT PERRIGO COMPANY'S ANSWER, DEFENSES, AND COUNTERCLAIMS

Defendant Perrigo Company ("Perrigo"), by and through the undersigned attorneys, answers the Complaint for alleged patent infringement filed by Plaintiffs Stiefel Laboratories, Inc. and Stiefel Research Australia Pty. Ltd. (collectively, "Stiefel") as follows:

### Parties

**COMPLAINT:**

1. Stiefel Laboratories, Inc. ("Stiefel Laboratories") is a Delaware corporation having its principal place of business at 255 Alhambra Circle, Suite 1000, Coral Gables, Florida 33134.

   **ANSWER:** On information and belief, admitted.

**COMPLAINT:**

2. Stiefel Research Australia Pty. Ltd. ("Stiefel Australia") is a corporation organized and existing under the laws of the State of Victoria, Australia, having its principal place of business at 8 Macro Court, Rowville, Victoria 3168, Australia. Stiefel Australia is a wholly-owned subsidiary of Stiefel Laboratories.

   **ANSWER:** On information and belief, admitted.

1

**COMPLAINT:**

3. On information and belief, Cobrek is a Delaware corporation having its principal place of business at 2201 West Campbell Park Dr., Suite 26, Chicago, Illinois 60612-4160.

**ANSWER:** On information and belief, Perrigo admits that Cobrek is a Delaware corporation and that it has a place of business at 3315 Algonquin Road, Suite 310, Rolling Meadows, IL 60008.

**COMPLAINT:**

4. On information and belief, Perrigo is a Michigan corporation having its principal place of business at 515 Eastern Avenue, Allegan, MI 49010.

**ANSWER:** Admitted.

### Jurisdiction and Venue

**COMPLAINT:**

5. This is an action for patent infringement arising under the patent laws of the United States.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Perrigo admits that Stiefel's Complaint is for alleged patent infringement. Perrigo denies the remaining allegations contained in this paragraph.

**COMPLAINT:**

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Perrigo admits that Stiefel's Complaint is for alleged patent infringement. Perrigo denies the remaining allegations contained in this paragraph.

**COMPLAINT:**

7. Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Perrigo does not contest venue for purposes of this action only. Perrigo denies the remaining allegations in this paragraph.

**COMPLAINT:**

8. This Court has personal jurisdiction over Cobrek because it is a Delaware corporation.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. Answering further, these allegations are directed to a Defendant other than Perrigo and therefore no answer is required. To the extent an answer by Perrigo is required, Perrigo denies the allegations of this paragraph.

**COMPLAINT:**

9. This Court also has personal jurisdiction over Perrigo. On information and belief, Perrigo manufactures, sells, offers for sale, and causes to be supplied or sold throughout the United States various products, including prescription and over-the-counter pharmaceuticals and nutritional products. Perrigo's products are sold by mass merchandisers, food stores and drug stores throughout the United States, including within this judicial district. On information and belief, Perrigo derives substantial revenue from the sales of those products in this district.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Perrigo does not contest personal jurisdiction for purposes of this action only. Perrigo denies the remaining allegations in this paragraph.

**COMPLAINT:**

10. On information and belief, Perrigo has been sued for patent infringement in this judicial district (C.A. Nos. 99-813 and 04-107), and admitted that it is subject to personal jurisdiction in this Court.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Perrigo states as follows: Perrigo admits that Perrigo Co. was named as a defendant in complaints filed in C.A. Nos. 99-813 and 04-107 in this judicial district. Perrigo does not contest personal jurisdiction for purposes of this action only. Perrigo denies the remaining allegations in this paragraph.

**COMPLAINT:**

11. Perrigo has engaged in substantial and/or continuous and systematic contacts with the State of Delaware, which satisfy due process and confer personal jurisdiction over Perrigo.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Perrigo does not contest personal jurisdiction for purposes of this action only. Perrigo denies the remaining allegations in this paragraph.

### Background

**COMPLAINT:**

12. Stiefel Laboratories is the owner of an approved New Drug Application under Section 505(b) of the Federal Food Drug and Cosmetic Act (the "FFDCA" or the "Act"), 21 U.S.C. § 355(b)(1), for EVOCLIN® (clindamycin phosphate) Foam 1%.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Perrigo admits that the online records of the U.S. Food and Drug Administration ("FDA") identify Stiefel Laboratories Inc. as the holder of a New Drug Application for EVOCLIN® (clindamycin phosphate) Foam, 1%. Perrigo denies the remaining allegations of this paragraph.

**COMPLAINT:**

13. Stiefel's U.S. Patent Nos. 7,141,237 (the "'237 patent") and 7,374,747 (the "'747 patent") are listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* ("the Orange Book") for EVOCLIN®.

**ANSWER:** Perrigo admits that U.S. Patent No. 7,141,237 ("the '237 patent") and U.S. Patent No. 7,374,747 ("the '747 patent") are listed in the FDA's "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book") in connection with a New Drug Application for EVOCLIN® (clindamycin phosphate) Foam, 1%. Perrigo is without sufficient information to admit or deny the remaining allegations of this paragraph, and therefore denies them, including any suggestion that the '237 patent or the '747 patent covers EVOCLIN®.

**COMPLAINT:**

14. On information and belief, Cobrek filed with the Food and Drug Administration ("FDA") Abbreviated New Drug Application ("ANDA") No. 90-785 pursuant to § 505(j) of the FFDCA, 21 U.S.C. § 355(j), seeking approval to market a generic version of clindamycin phosphate foam 1%. Also on information and belief, Cobrek's ANDA includes a certification pursuant to § 505(j)(2)(A)(vii)(IV) of the Act asserting that the '237 patent and the '747 patent are invalid, unenforceable, or will not be infringed by the manufacture, use or sale of Cobrek's generic clindamycin phosphate foam 1% product (a so-called "Paragraph IV Certification").

**ANSWER:** On information and belief, Perrigo admits that Cobrek filed with FDA Abbreviated New Drug Application ("ANDA") No. 90-785 pursuant to § 505(j) of the Federal Food, Drug, and Cosmetic Act ("FFDCA") to obtain FDA approval to engage in the commercial manufacture, use or sale of Clindamycin Phosphate Foam, 1% ("Cobrek's ANDA Product"); that several months after Cobrek filed its ANDA, Stiefel had FDA list the '237 and '747 patents in the Orange Book; and that Cobrek then amended its ANDA to include a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("paragraph IV certification"), in which Cobrek asserts that the '237 and '747 patents are invalid, unenforceable, and/or would not be infringed by the manufacture, use, or sale of Cobrek's ANDA Product. Perrigo denies the remaining allegations of this paragraph.

**COMPLAINT:**

15. On January 29, 2009, Stiefel Laboratories received notice from Cobrek that Cobrek had filed ANDA No. 90-785 containing a Paragraph IV Certification with respect to the '237 and '747 patents. Stiefel Australia received an identical notice from Cobrek on February 2, 2009.

**ANSWER:** On information and belief, Perrigo admits that by letter dated January 28, 2009, Cobrek gave notice, *inter alia*, to Stiefel Laboratories, Inc. and Stiefel Research Australia Pty Ltd. that Cobrek had amended its ANDA to include a paragraph IV certification to the '237 and '747 patents. Answering further, on information and belief, Perrigo admits that Stiefel Laboratories, Inc. received that notice on January 29, 2009, and Stiefel Research Australia Pty. Ltd. received that notice on February 2, 2009. Perrigo denies the remaining allegations of this paragraph.

**COMPLAINT:**

16. On information and belief, Perrigo participated in, contributed to, aided, abetted and/or induced the submission of ANDA No. 90-785 and its § 505(j)(2)(A)(viii)(IV) certification to the FDA.

**ANSWER:** Denied.

**COMPLAINT:**

17. On information and belief, Perrigo and Cobrek have entered into a collaborative agreement to develop and market generic pharmaceutical products for topical use. According to the parties' May 21, 2008 press release, "[t]he parties will share the development costs and profits generated by these products, with Perrigo being the exclusive distributor."

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Perrigo admits that this paragraph quotes a single sentence from a May 21, 2008 Perrigo Company press release. Answering further, Perrigo denies that that press release says anything about clindamycin or EVOCLIN®. Perrigo denies the remaining allegations of this paragraph.

## Count I – Infringement Of U.S. Patent No. 7,141,237

**COMPLAINT:**

18. Stiefel incorporates by reference the preceding averments set forth in paragraphs 1 through 17.

**ANSWER:** Perrigo restates and incorporates by reference its responses to paragraphs 1-17 as though fully set forth herein.

**COMPLAINT:**

19. On November 28, 2006, the '237 patent, entitled "PHARMACEUTICAL FOAM," was duly and legally issued to Connetics Australia Pty. Ltd. as assignee of the inventors named therein. A true and correct copy of the '237 patent is attached as Exhibit 1.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Perrigo admits that the face of the '237 patent identifies Connetics Australia Pty. Ltd. as assignee of the '237 patent, which is entitled "PHARMACEUTICAL FOAM." Perrigo further admits that, according to the online records of the USPTO, the '237 patent issued on November 28, 2006, and that what appears to be a copy of the '237 patent is attached to the Complaint as Exhibit 1. Perrigo denies that the '237 patent was duly and legally issued, as well as any suggestion that the '237 patent is valid or enforceable. Perrigo denies the remaining allegations of this paragraph.

**COMPLAINT:**

20. On or about March 26, 2007, Connetics Australia Pty. Ltd. changed its name to Stiefel Research Australia Pty. Ltd. At all relevant times, Stiefel Australia has been and is the assignee and owner of the '237 patent.

**ANSWER:** Perrigo is without sufficient information to admit or deny the allegations of this paragraph, and therefore denies them.

**COMPLAINT:**

21. Cobrek has infringed one or more claims of the '237 patent under 35 U.S.C. § 271(e)(2)(A) by filing ANDA No. 90-785 seeking approval to market a generic version of a clindamycin phosphate foam 1% prior to the expiration of that patent.

**ANSWER:** Denied.

**COMPLAINT:**

22. Cobrek's manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the clindamycin phosphate foam 1% described in ANDA No. 90-785 would also infringe, directly or indirectly, one or more claims of the '237 patent.

**ANSWER:** Denied.

**COMPLAINT:**

23. Perrigo's participation in, contribution to, aiding, abetting and/or inducement of the submission of ANDA No. 90-785 and its § 505(j)(2)(A)(viii)(IV) certification to the FDA also constitutes infringement of the '237 patent.

**ANSWER:** Denied.

**COMPLAINT:**

24. On information and belief, unless enjoined, Perrigo will, without authority, manufacture and/or import into the United States Cobrek's generic clindamycin phosphate foam 1% described in ANDA No. 90-785 and/or act as the exclusive distributor of the product within the United States upon Cobrek receiving FDA approval.

**ANSWER:** Perrigo admits that once FDA approves Cobrek's ANDA, Cobrek has the legal right to market its ANDA product. On information and belief, Perrigo admits that Cobrek plans to take all legal and commercially reasonable steps necessary to market, sell, and offer to sell Cobrek's generic clindamycin phosphate foam 1% product. Perrigo denies the remaining allegations of Paragraph 24.

**COMPLAINT:**

25. Perrigo's manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the clindamycin phosphate foam 1% described in ANDA No. 90-785 would infringe, directly or indirectly, one or more claims of the '237 patent.

**ANSWER:** Denied.

**COMPLAINT:**

26. Stiefel will be irreparably harmed by Cobrek and Perrigo's infringing activities unless those activities are enjoined by this Court. Stiefel does not have an adequate remedy at law.

**ANSWER:** Denied.

**COMPLAINT:**

27. Stiefel is entitled to the relief provided by 35 U.S.C. § 271(e)(4).

**ANSWER:** Denied.

**COMPLAINT:**

28. Cobrek and Perrigo were aware of the existence of the '237 patent at the time of the submission of ANDA No. 90-785 and the § 505(j)(2)(A)(viii)(IV) assertions to the FDA and that that filing constituted infringement of the '237 patent. Their manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the clindamycin phosphate foam 1% described in ANDA No. 90-785 would constitute an act of willful infringement. This is therefore an exceptional case.

**ANSWER:** As to allegations directed to Perrigo, denied. As to allegations directed to a Defendant other than Perrigo, to the extent an answer is required, Perrigo denies such allegations.

### Count II- Infringement Of U.S. Patent No. 7,374,747

**COMPLAINT:**

29. Stiefel incorporates by reference the preceding averments set forth in paragraphs 1 through 28.

**ANSWER:** Perrigo restates and incorporates by reference its responses to paragraphs 1-28 as though fully set forth herein.

**COMPLAINT:**

30. On May 20, 2008, the '747 patent, entitled "PHARMACEUTICAL FOAM," was duly and legally issued to Stiefel Research Australia Pty. Ltd. as assignee of the inventors named therein. A true and correct copy of the '747 patent is attached as Exhibit 2.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Perrigo admits that the face of the '747 patent identifies Stiefel Research Australia, Pty. Ltd. as assignee of the '747 patent, which is entitled "PHARMACEUTICAL FOAM." Perrigo further admits that, according to the online records of the USPTO, the '747 patent issued on May 20, 2008, and that what appears to be a copy of the '747 patent is attached to the Complaint as Exhibit 2. Perrigo denies that the '747 patent was duly and legally issued, as well as any suggestion that the '747 patent is valid or enforceable. Perrigo denies the remaining allegations of this paragraph.

**COMPLAINT:**

31. Cobrek has infringed one or more claims of the '747 patent under 35 U.S.C. § 271(e)(2)(A) by filing ANDA No. 90-785 seeking approval to market a generic version of a clindamycin phosphate foam 1% prior to the expiration of that patent.

**ANSWER:** Denied.

**COMPLAINT:**

32. Cobrek's manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the clindamycin phosphate foam 1% described in ANDA No. 90-785 would infringe, directly or indirectly, one or more claims of the '747 patent.

**ANSWER:** Denied.

**COMPLAINT:**

33. Perrigo's participation in, contribution to, aiding, abetting and/or inducement of the submission of ANDA No. 90-785 and its § 505(j)(2)(A)(viii)(IV) certification to the FDA also constitutes infringement of the '747 patent.

**ANSWER:** Denied.

**COMPLAINT:**

34. Perrigo's manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the clindamycin phosphate foam 1% described in ANDA No. 90-785 would infringe, directly or indirectly, one or more claims of the '747 patent.

**ANSWER:** Denied.

**COMPLAINT:**

35. Stiefel will be irreparably harmed by Cobrek and Perrigo's infringing activities unless those activities are enjoined by this Court. Stiefel does not have an adequate remedy at law.

**ANSWER:** Denied.

**COMPLAINT:**

36. Stiefel is entitled to the relief provided by 35 U.S.C. § 271(e)(4).

**ANSWER:** Denied.

**COMPLAINT:**

37. Cobrek and Perrigo were aware of the existence of the '747 patent at the time of the submission of ANDA No. 90-785 and the § 505(j)(2)(A)(viii)(IV) assertions to the FDA and that that filing constituted infringement of the '747 patent. Their manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the clindamycin phosphate foam 1% described in ANDA No. 90-785 would constitute an act of willful infringement. This is therefore an exceptional case.

**ANSWER:** As to allegations directed to Perrigo, denied. As to allegations directed to a Defendant other than Perrigo, to the extent an answer is required, Perrigo denies such allegations.

## SEPARATE DEFENSES

### First Defense

The manufacture, use, or sale of the Clindamycin Phosphate Foam, 1% product that is the subject of Cobrek's ANDA has not infringed, does not infringe, and would not, if marketed, infringe any valid claim of the '237 patent.

11

### Second Defense

The manufacture, use, or sale of the Clindamycin Phosphate Foam, 1% product that is the subject of Cobrek's ANDA has not infringed, does not infringe, and would not, if marketed, infringe any valid claim of the '747 patent.

### Third Defense

The claims of the '237 patent are invalid for failure to satisfy one or more conditions for patentability set forth in 35 U.S.C. §§ 101 *et seq*.

### Fourth Defense

The claims of the '747 patent are invalid for failure to satisfy one or more conditions for patentability set forth in 35 U.S.C. §§ 101 *et seq*.

### Fifth Defense

Plaintiffs' willful infringement allegations fail to state a claim upon which relief can be granted under controlling Federal Circuit case law.

### Sixth Defense

The Court lacks subject matter jurisdiction over any and all claims arising pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

### Seventh Defense

The Complaint fails to state a claim upon which relief can be granted.

### Eighth Defense

Any additional defenses or counterclaims that discovery may reveal, including unenforceability.

### Response To Request For Relief

Perrigo denies that Stiefel is entitled to any relief, and further requests that Stiefel's Complaint be dismissed and that Perrigo be awarded its attorneys' fees and costs incurred in defending this suit under 35 U.S.C. § 285. Perrigo further denies all allegations not specifically admitted herein.

### PERRIGO COMPANY'S COUNTERCLAIMS

To the extent there is subject matter jurisdiction over any claims asserted against Perrigo Company ("Perrigo"), Perrigo, for its Counterclaims against Stiefel Laboratories, Inc. and Stiefel Research Australia Pty. Ltd., (collectively, "Stiefel" and/or "Plaintiffs/Counterclaim-Defendants"), alleges as follows:

### Parties

1. Perrigo is a Michigan corporation having its principal place of business at 515 Eastern Avenue, Allegan, MI 49010.

2. On information and belief, Stiefel Laboratories, Inc. is a Delaware corporation having its principal place of business at 255 Alhambra Circle, Suite 1000, Coral Gables, Florida 33134.

3. On information and belief, Stiefel Research Australia Pty. Ltd. is a corporation organized and existing under the laws of the State of Victoria, Australia, having its principal place of business at 8 Macro Court, Rowville, Victoria 3168, Australia. On information and belief, Stiefel Research Australia Pty. Ltd is a wholly-owned subsidiary of Stiefel Laboratories, Inc.

## Jurisdiction and Venue

4. These Counterclaims arise under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5. This Court has original jurisdiction over the subject matter of these Counterclaims under 28 U.S.C. §§ 1331 and 1338(a) and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6. This Court has personal jurisdiction over Plaintiffs/Counterclaim-Defendants because it availed itself of the rights and privileges of this forum by suing Perrigo in this District, and, on information and belief, because Plaintiffs/Counterclaim-Defendants conduct substantial business in, and have regular systematic contact with, this District.

7. Venue is proper under 28 U.S.C. §§ 1391 and 1400.

## Background

8. On or about November 28, 2006, the U.S. Patent and Trademark Office ("USPTO") issued U.S. Patent No. 7,141,237 B2 ("the '237 patent"), entitled "PHARMACEUTICAL FOAM," to Albert Zorko Abram and Barry Thomas Hunt. A true and correct copy of the '237 patent is attached hereto as Exhibit A.

9. On or about May 20, 2008, the USPTO issued U.S. Patent No. 7,374,747 B2 ("the '747 patent"), entitled "PHARMACEUTICAL FOAM," to Albert Zorko Abram and Barry Thomas Hunt. A true and correct copy of the '747 patent is attached hereto as Exhibit B.

10. On information and belief, Stiefel claims to own and/or have the right to enforce, the '237 and '747 patents.

11. On or about March 13, 2009, Stiefel sued Perrigo in this District alleging infringement of the '237 and '747 patents.

## Counterclaim I
## Declaration of Non-Infringement of the '237 Patent

12.     Perrigo realleges and incorporates by reference the allegations of paragraphs 1-11.

13.     This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks a declaration that the claims of the '237 patent will not be infringed by the manufacture, use, offer for sale, or sale of Cobrek's ANDA Product.

14.     A present, genuine, and justiciable controversy exists between Stiefel and Perrigo regarding, *inter alia*, the non-infringement of the '237 patent.

15.     The manufacture, use, offer for sale, or sale of Cobrek's ANDA Product would not infringe any valid claim of the '237 patent.

16.     Perrigo is entitled to a declaration that the manufacture, use, offer for sale, or sale of the Cobrek ANDA Product would not infringe any valid claims of the '237 patent.

## Counterclaim II
## Declaration of Non-Infringement of the '747 Patent

17.     Perrigo realleges and incorporates by reference the allegations of paragraphs 1-16.

18.     This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks a declaration that the claims of the '747 patent will not be infringed by the manufacture, use, offer for sale, or sale of Cobrek's ANDA Product.

19.     A present, genuine, and justiciable controversy exists between Stiefel and Perrigo regarding, *inter alia*, the non-infringement of the '747 patent.

20.     The manufacture, use, offer for sale, or sale of Cobrek's ANDA Product would not infringe any valid claim of the '747 patent.

21.     Perrigo is entitled to a declaration that the manufacture, use, offer for sale, or sale of the Cobrek ANDA Product would not infringe any valid claims of the '747 patent.

### Counterclaim III
### Declaration of Invalidity of the '237 Patent

22.     Perrigo realleges and incorporates by reference the allegations of paragraphs 1-21.

23.     This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks a declaration that the claims of the '237 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code.

24.     A present, genuine, and justiciable controversy exists between Stiefel and Perrigo regarding, *inter alia*, the invalidity of the '237 patent.

25.     The claims of the '237 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code.

26.     Perrigo is entitled to a declaration that the claims of the '237 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code.

### Counterclaim IV
### Declaration of Invalidity of the '747 Patent

27.     Perrigo realleges and incorporates by reference the allegations of paragraphs 1-26.

28.     This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks a declaration that the claims of the '747 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code.

29. A present, genuine, and justiciable controversy exists between Stiefel and Perrigo regarding, *inter alia*, the invalidity of the '747 patent.

30. The claims of the '747 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code.

31. Perrigo is entitled to a declaration that the claims of the '747 patent are invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code.

## **JURY DEMAND**

Perrigo demands a trial by jury as to all issues so triable.

## **REQUEST FOR RELIEF**

WHEREFORE, Perrigo respectfully requests that this Court enter a Judgment and Order in their favor and against Plaintiffs/Counterclaim-Defendants Stiefel Laboratories, Inc. and Stiefel Research Australia Pty. Ltd., as follows:

(a) declaring that the manufacture, sale, offer for sale, use, or importation of the clindamycin phosphate foam, 1% product described in Cobrek's ANDA No. 90-785 does not and will not infringe (either literally or under the doctrine of equivalents), directly or indirectly (either by inducement or contributorily), any valid and enforceable claim of the '237 patent;

(b) declaring that the manufacture, sale, offer for sale, use, or importation of the clindamycin phosphate foam, 1% product described in Cobrek's ANDA No. 90-785 does not and will not infringe (either literally or under the doctrine of equivalents), directly or indirectly (either by inducement or contributorily), any valid and enforceable claim of the '747 patent;

(c) declaring that the claims of the '237 patent are invalid;

(d) declaring that the claims of the '747 patent are invalid;

(e) ordering that Plaintiffs/Counterclaim-Defendants' Complaint be dismissed with prejudice and judgment entered in favor of Perrigo and Cobrek;

(f) declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding Perrigo their attorneys' fees, costs, and expenses in this action; and

(g) awarding Perrigo any further and additional relief as the Court deems just and proper.

Dated: April 7, 2009

By: /s/ *[signature]*
JOHN C. PHILLIPS, JR., Esquire (#110)
BRIAN E. FARNAN, Esquire (#4089)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pgslaw.com
bef@pgslaw.com

-and-

Christine J. Siwik
William A. Rakoczy
Alice L. Riechers
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, IL 60654
(312) 222.6304 (telephone)
(312) 222.6324 (facsimile)

*Attorneys for Defendant Perrigo Co.*