IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STIEFEL LABORATORIES, INC. and STIEFEL RESEARCH AUSTRALIA PTY. LTD.,<br><br>      Plaintiffs,<br><br>      v.<br><br>COBREK PHARMACEUTICALS, INC. and PERRIGO COMPANY,<br><br>      Defendants. | C. A. No. 09-00167 SLR |

**ORDER**

At Wilmington this ___ day of June, 2009, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery.**

(a) Discovery will be needed on the following subjects: Infringement and validity of U.S. Patent Nos. 7,141,237 and 7,374,747. Defendants contend that discovery will also be needed on the enforceability of such patents. Plaintiffs note that Defendants have not pleaded or alleged inequitable conduct or any other defenses or counterclaims regarding the enforceability of such patents.

(b) Fact discovery sought by the parties shall be commenced in time to be completed by April 16, 2010.

(1) Initial production of documents responsive to requests for production that have been served by September 30, 2009 shall be completed by December 1, 2009.

(2) Maximum of twenty-five (25) interrogatories by each party to any other party.

(3) In the absence of agreement of the parties, contention interrogatories, if filed, shall first be addressed by the parties with the burden of proof no later than the date established for the completion of the initial document production (December 1, 2009), with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; *i.e.*, the more detail a party provides, the more detail a party shall receive.

(4) Maximum of fifty (50) requests for admission by each party to any other party.

(5) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6) or requested by Plaintiffs' motion for expedited discovery) shall be scheduled prior to the completion of initial document production on December 1, 2009.

(6) Maximum of 10 fact depositions by plaintiff(s) and 10 by defendant(s). Each fact deposition limited to a maximum of 7 hours unless extended by agreement of parties.

(c) Expert discovery shall be commenced in time to be completed by July 9, 2010.

(1) Expert reports on issues for which the parties have the burden of proof due April 30, 2010. Rebuttal expert reports (including any reports on secondary considerations of non-obviousness on behalf of Plaintiffs) due May 28, 2010. Reply expert reports on behalf of Defendants addressing Plaintiffs' secondary considerations arguments due June 11, 2010.

(2) Expert depositions to be limited to a maximum of seven (7) hours per expert unless extended by agreement of the parties.

(3) All Daubert motions shall be filed on or before July 23, 2010.

(d) If willfulness has been asserted and absent agreement among the parties, the defendants must inform plaintiffs as to whether they intend to rely on advice of counsel by February 26, 2010, unless such claims are dismissed or bifurcated pursuant to Defendants' anticipated motion seeking such relief. If the decision is to rely on such advice, the scope of discovery shall include the materials provided by defendants to their counsel and whatever other materials related to the issues in dispute that defendants had in their possession at the time the advice was sought.

(e) Supplementations under Rule 26(e) due on February 26, 2010.

(f) **Discovery Disputes**.

(1) The court shall conduct an in-person discovery status conference on November 16, 2009 at 4:30 p.m., the time to be allocated equally among the parties.

**No motions to compel or motions for protective order shall be filed absent approval of the court.**

(2) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3) Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g) **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of

such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial.

The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case.

Such deposition shall be held within <u>one (1) month</u> after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before <u>February 15, 2010</u>.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR.

5. **Claim Construction Issue Identification.** If the court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms on<u>April 2, 2010</u>.

This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 6 below.

6. **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning. The parties shall agree upon and file the Joint Claim Construction Statement on <u>June 25, 2010</u>, with the claim chart separately docketed. The parties

will file simultaneous opening claim construction briefs on July 16, 2010. Simultaneous response briefs should be filed by August 10, 2010. The hearing on the claim construction will be heard on August 31, 2010 at 3:00 p.m.

    7. **Applications by Motion**. Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the court.

    (a) **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

    (b) No telephone calls shall be made to chambers.

    (c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "Email Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov. The email shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

    8. **Motions in Limine**. **No** motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

    9. **Pretrial Conference**. A pretrial conference will be held on August 31, 2010 at 3:00 p.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

    10. **Trial**. This matter is scheduled for a two week bench trial commencing on September 13, 2010 in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington,

Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge